## Breathitt County Board of Education v. First National Bank of Jackson, Kentucky, et al.

(Decided October 25, 1916:)

### Appeal from Breathitt Circuit Court.

1    Schools and School Districts—Common School Property—Vesting of Title in Graded School Districts—Consent of County Court—

Section 4484 of the Kentucky Statutes.—Under section 4484 of the Kentucky Statutes, providing that "the title to all common school and all county seminary property, the county court and the board of trustees of said seminary consenting, in the limits of any graded common school district, organized under the provisions of this law, shall be, and the same is hereby, vested in the board of trustees of said graded common school district," etc., the clause "the county court and the board of trustees of said seminary consenting," applies only to county seminary property, and the consent of the county court is not necessary to the vesting of the title to common school property in the board of trustees of the graded common school district.

2.  Schools and School Districts—Common School Property—Vesting of Title in Graded School District—Lien and Encumbrances.—Ordinarily, when the title to common school property is vested in the trustees of a graded common school district, pursuant to section 4484 of the Kentucky Statutes, the board of trustees will take the property, subject to any lien or encumbrance thereon; but this rule will not prevail where the property is received from another agency of the state which has actually levied taxes for the purpose of paying for the property, or of discharging such lien or encumbrance, and the proceeds of such taxes are sufficient for that purpose.

3.  Schools and School Districts—Common School Property—Vesting of Title in Graded School District—Rights of County Board of Education—Pleading.—Where a county board of education purchases a lot for a school house site, paying a portion of the price in cash and executing notes for the balance, and the title to such lot vests, under section 4484 of the Kentucky Statutes, in the board of trustees of the graded common school district organized pursuant to law, the county board cannot recover of the graded common school district that portion of the purchase price paid by the county court after the district was organized, or be relieved, so far as such district is concerned, of its obligation to pay the remainder of the purchase price, in the absence of an allegation that a tax to pay for such lot had not been levied, or that the proceeds of such tax were not sufficient for that purpose.

O. H. POLLARD and HENRY SPENCER for appellant.

H. H. HARRIS, E. E. HOGG and ADAMS & HOLLIDAY for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

Early in the year 1910, Mattie Patton sold and conveyed to the Breathitt County Board of Education a tract of land located in the city of Jackson. The consideration was $1,000.00 cash and three notes for $500.00 each, pay-

able one, two and three years from date. All of these notes were paid by the County Board of Education, with the exception of the last note due three years from date, which was assigned for a valuable consideration to the First National Bank of Jackson. After the purchase of the lot a graded school district, known as Jackson Graded Common School District No. 1, covering territory embracing the lot in question, was regularly organized according to law. The Board of Trustees of this district took possession of the lot in question and erected thereon a commodious building, and since that time has been conducting a graded school therein.

This suit was brought by the First National Bank of Jackson to recover on the note assigned to it and enforce its vendor's lien. Both the County Board of Education and the Board of Trustees of Jackson Graded Common School District No. 1 were made parties defendant.

The Breathitt County Board of Education filed an answer, counter-claim and cross-petition in three paragraphs. In the first paragraph it admitted the allegations of the petition. In the second paragraph it pleaded that subsequent to the purchase of the lot in question and before the first note matured, the Jackson Graded Common School District No. 1, of Breathitt County, was regularly organized. Thereupon it delivered to said district possession of the lot in question. Said district then erected valuable improvements upon said lot and has since been maintaining thereon a graded common school. Since taking possession of said lot the note sued on and all other obligations with reference to the purchase of said lot became, by operation of law, the obligations of said graded common school district. By paragraph 3 the County Board of Education further pleaded that after the delivery of the property in question to the Board of Trustees of Jackson Graded Common School District No. 1, as it was its duty to do, the obligation of the county board became the obligation of the Jackson Graded Common School District No. 1, and that said district thereupon became bound and liable to the County Board of Education for the purchase price of said lot. It further prayed that it be adjudged a lien against the Jackson Graded Common School District No. 1 for the sum of $1,000.00, with interest from March 8th, 1910, and the

further sum of $500.00, with interest from the .......... day of ....................., until paid. To this answer, counter-claim and cross-petition a demurrer was sustained. Thereupon an amended answer, counter-claim and cross-petition was filed by the County Board of Education, pleading in substance that at the time of the organization of the Jackson Graded Common School District No. 1, and at the time of answering, the County Board of Education was the owner in fee simple of the lot in question; that it never made any order consenting to deliver possession of the property to the Jackson Graded Common School District No. 1; that when said district took possession of said lot and erected the improvements thereon, the County Board of Education was indebted to its vendor in the sum of $1,500.00, evidenced by three promissory notes of $500.00 each; that when said district took possession of the lot it did so under a verbal agreement with the county judge of Breathitt County, by which it agreed and promised to pay the remainder of the purchase price due on the lot; that at the time the county judge made such verbal agreement, he did so on the advice and with the belief that his consent was necessary to give the Board of Trustees of said graded school district the right to use said property. It is further pleaded that said graded district had never paid any of such notes or any part of them, but that the answering defendant had been forced to pay and had fully paid off the first two of said notes, and that it has a lien on the lot in question for the two notes paid off by it amounting to $1,000.00, with six per cent. interest from March 8th, 1910. It is further alleged that the answering defendant never consented, by order or otherwise, to turn over the lot to its co-defendant, except insofar as it might be bound by the acts of the county judge of Breathitt County. The amended pleading concludes with the prayer that plaintiff's lien be enforced, that said property be sold to satisfy the note sued on, and that the answering defendant's demand for $1,000.00 with six per cent. interest from March 8th, 1910, until paid be granted; that if this cannot be done, it be adjudged the owner of said lot and be given possession of same. To this pleading a demurrer was sustained and the counter-claim and cross-petition dismissed. The Breathitt County Board of Education appeals.

Whatever may be the rights of the County Board of Education and the Board of Trustees of Jackson Graded

Common School District No. 1 as between themselves, the rights of the bank are in no wise affected thereby.

Section 4484 of the Kentucky Statutes is as follows:

"The title to all common school and all county seminary property, the county court and the board of trustees of said seminary consenting, in the limits of any graded common school district, organized under the provisions of this law, shall be, and the same is hereby vested in the board of trustees of said graded common school district, and they are hereby empowered to sell and convey the same, or to use the same for graded common school purposes, as to them shall seem best; but when county seminary property shall be appropriated, all pupils of the county shall be permitted to attend such school at such reduced tuition from what is ordinary as shall be equitable and make good to them their interest in said seminary property. It is further provided, that when any graded school district shall embrace any school property owned or held in trust by trustees, said trustees, by a majority of their board, are hereby authorized and empowered to convey their school property to the trustees of the graded school, at such price and on such conditions as may be agreed upon by the trustees of both parties."

It is the contention of the county board that before title to common school property vests in the board of trustees of the graded common school district in which it may be located, it is necessary that the county court shall consent, and that this consent can be given only by order properly entered and not by parol. It is, therefore, argued that as the consent in this instance was never properly given, the title to the lot in question never vested in the board of trustees of the graded common school district and that for this reason the county board is entitled not only to recover the purchase price paid by it, but to be relieved from the obligation of discharging the note in suit. We are not disposed to adopt this construction of the statute. Our reason for so holding is that the legislature may not deprive seminary trustees of their property without their consent. To this end it selected the county court as the proper person to agree to the transfer. Stanford College v. Board of Education of Lincoln County, 145 Ky. 838, 141 S. W. 386. When it comes to common school property, there is no necessity for any such agreement. The title thereto may be dis-

posed of by the state. Reading the statute in the light of these considerations, we conclude that the clause, ''the county court and the board of trustees of said seminary consenting,'' applies only to county seminary property, and that the consent of the county court is not necessary to the vesting of the title to common school property in the board of trustees of the graded common school district in which such property is located.

Nor do we find any merit in the contention that the county board, under the circumstances relied on, is entitled to recover of the Board of Trustees of Jackson Graded Common School District No. 1 the $1,000.00 paid by it after that district was organized, or that as between it and said district it is entitled to be relieved of its obligation to discharge the note sued on. It may be conceded that ordinarily when the trustees of a graded common school district are vested with title to common school property by the foregoing statute, the board of trustees will take the property, subject to any lien or encumbrance thereon. This rule, however, will not prevail where the property is received from another agency of the state which has actually levied taxes for the purpose of paying for the property, or of discharging such lien or encumbrance, and the proceeds of such taxes are sufficient for that purpose. For aught that appears in the answer and cross-petition, a tax to pay for the lot in question may have been levied at the instance and request of the Board of Education and the $1,000.00, by which two of the notes were discharged, may have been paid out of the proceeds of such tax; and of this tax there may be in its hands, or in process of collection, a sum sufficient to pay the note sued on. In the absence of an allegation to the contrary, we must assume that such is the case, and if such be the case, the Board of Education cannot recover of the graded common school district the $1,000.00 paid after the title vested in the district, or be relieved, so far as that district is concerned, from its obligation to pay the $500.00 note sued on in this action. Since the answer and cross-petition does not state facts sufficient to constitute a cause of action against the Board of Trustees of Jackson Graded Common School District No. 1, it follows that the demurrer thereto was properly sustained.

Judgment affirmed.